1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    SCOTT JOHNSON,                          No. 2:14-cv-00561-MCE-AC

12                 Plaintiff,

13        v.                                   **MEMORANDUM AND ORDER**

14    KAMBOJ LLC; SACRAMENTO
      PETROLEUM INC.; and DOES 1
15    through 10,

16                 Defendants.

17

18        Plaintiff Scott Johnson ("Plaintiff"), a wheelchair-bound quadriplegic, brought this

19    action based on barriers to access he encountered at the ARCO AM PM establishment

20    owned by Defendants Kamboj LLC and Sacramento Petroleum Inc. (collectively,

21    "Defendants").  After two years of litigation, the parties reached a settlement, under

22    which Defendants agreed to make all remedial changes, to pay $4,000 in statutory

23    damages, and to pay Plaintiff his reasonable attorneys' fees and costs, as determined by

24    the Court.  Potter Decl., Ex. 3, ECF No. 17-4.  Presently before the Court is Plaintiff's

25    resultant Motion for Attorneys' Fees and Litigation expenses ("Motion"), which

26    Defendants oppose.  ECF Nos. 17, 20.  For the following reasons, that Motion is

27    GRANTED in part.[1]

28        _____
              [1] Because oral argument would not have been of material assistance, this matter has been

1

**ANALYSIS**

2

3      The parties agree that Plaintiff is entitled to reasonable attorneys' fees and

4   expenses.  See 42 U.S.C. § 12205; Cal. Civ. Code § 52(a).  There is also no dispute that

5   the lodestar method is appropriate for calculating fees in this case.  As such,

6   "[d]ocumentation submitted in support of a motion for attorneys' fees must apprise the

7   Court of the nature of the activity and should be sufficient to satisfy the Court that the

8   hours expended were actual, non-duplicative, and reasonable."  Arroyo v. Svela,

9   No. CV 10-7814 CAS SSX, 2012 WL 3308427, at *1 (C.D. Cal. Aug. 13, 2012).

10      The parties part ways, however as to the reasonableness of the $9,815 in

11   attorneys' fees and $916 in litigation expenses Plaintiff requests.  Defendants contend

12   Plaintiff's request is improper because: (1) Plaintiff should be limited to recovering only

13   those fees incurred prior to December 2014, at which time Plaintiff rejected a settlement

14   offer that was more favorable than the final settlement reached in this case; (2) Plaintiff's

15   requested hourly rates are inflated; and (3) the hours billed are unreasonable.[2]

16      **A.      Post-settlement fees**

17      Defendants first argue that Plaintiff should not receive fees for work completed

18   after Defendants extended their December 8, 2014, settlement offer (the "December

19   2014 offer"), which was more favorable than the settlement offer Plaintiff eventually

20   accepted in December 2015 (the "December 2015 offer").  Plaintiff disagrees with

21

22   submitted on the briefs. E.D. Cal. L.R. 230(g).

23         [2] Defendants also raised a number of evidentiary objections, primarily arguing that the billing
     records for Plaintiff's attorneys Phyl Grace, Amanda Lockhart, Isabel Masanque and Christina Sosa—who
24   did not submit their own declarations—lack personal knowledge/foundation, or alternatively, constitute
     hearsay.  However, Mark Potter, one of Plaintiff's attorneys and managing partner of the Center for
25   Disability Access, declares that he manages the firm's personnel and maintains and reviews the firm's
     billing records.  Accordingly, the submissions for Grace, Lockhart, Masanque and Sosa are based on
26   Potter's personal knowledge and are appropriately before the Court.  See Makaeff v. Trump Univ., LLC,
     No. 10CV0940GPC(WVG), 2015 WL 1579000, at *3 (S.D. Cal. Apr. 9, 2015) (citing Banga v. First USA,
27   NA, 29 F. Supp. 3d 1270, 1274 n.2 (N.D. Cal. 2014); Fed. R. Evid. 803(6)).  Defendants' evidentiary
     objections to the above billing records are thus denied.  Defendants' remaining objections are to the
28   declaration of John D. O'Connor and a "Real Rate Report" exhibit, but since the Court did not rely on that
     evidence, these additional objections are overruled as moot.

1    Defendants' premise and contends that the December 2015 offer was actually better

2    since it requires remedial relief, whereas the December 2014 offer did not.  Regardless,

3    the Court finds that Plaintiff acted reasonably when he rejected the December 2014

4    offer, and Defendants' invitation to disallow all fees incurred after that time is thus

5    declined.  See Johnson v. Gas, No. 2-14-CV-01117-JAM-DAD, 2016 WL 54726, at *1

6    (E.D. Cal. Jan. 5, 2016).

7             **B.      Lodestar Calculations**

8             Defendants next contend that the rates charged and hours billed by Plaintiff's

9    counsel are inflated.

10                      **1.      Reasonable hours**

11            According to Defendants, the attorney hours underlying Plaintiff's request are

12   unreasonable in several respects.  First, Defendants challenge Potter's billing of 2.2

13   hours on May 30, 2014, for: "Draft[ing] the plaintiff's Interrogatories, RFAs, and RFPD."

14   ECF No. 17-3 at 2.  The Court reduces this entry by half an hour, since "the billing entry

15   does not reflect any discrete tasks to fashion the boilerplate discovery for the case at

16   hand."  Johnson v. Wayside Prop., Inc., No. CIV. 2:13-1610 WBS, 2014 WL 6634324, at

17   *4 (E.D. Cal. Nov. 21, 2014), appeal dismissed (Apr. 27, 2015) (making a similar

18   reduction).

19            Second, Defendants argue that the time Potter billed for responding to an Order

20   to Show Cause (OSC) was not reasonable or necessary, since the OSC was issued as a

21   consequence of neglect by Plaintiff's counsel.  Plaintiff counters that both parties were at

22   fault for failing to file a timely status report, which triggered the OSC.  Notwithstanding

23   who is at fault, however, the Court agrees with Defendants that Plaintiff's counsel should

24   not recover fees for this task.  Accordingly, the Court reduces Potter's fees by the .4

25   hours he billed for reviewing and responding to the OSC.

26            Third, the parties agree that the time Potter spent on the instant motion reviewing

27   Defendants' Opposition brief, drafting a Reply brief, and attending oral argument can be

28   reduced in part, since this matter was submitted on the briefs and no hearing was

3

necessary.  The Court therefore reduces this entry by 3.8 hours to reflect Potter's actual time expended.

Fourth, Defendants contend that the following entries billed by Grace are too vague for the Court to determine reasonableness: 4/9/2014 "Reviewed email from Sheridan"; 4/14/2014 "Email to Sheridan"; and 8/18/2014 "Email exchange with the defense."  ECF No. 17-3 at 3.  The Court agrees.  See Nechitaylo v. Wedum Family Ltd. P'ship, No. 2-13-CV-01001-JAM-JFM, 2015 WL 8479627, at *3 (E.D. Cal. Dec. 10, 2015) (finding "'Communication with lawyer' and 'Verbal communication with lawyer' are too vague" and therefore reducing hours billed under those entries).  The fees requested for Grace's work are thus reduced by the .3 hours billed under these three entries.

Finally, Defendants argue that one attorney, rather than two, should have handled the discovery issues billed by Masanque and Lockhart.  This argument is unpersuasive because it impermissibly requires the court "to impose its own judgment regarding the best way to operate a law firm, [or] to determine if different staffing decisions might have led to different fee requests."  Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008); see also Blackwell v. Foley, 724 F. Supp. 2d 1068, 1080 (N.D. Cal. 2010) ("Even if more than one attorney worked on a task, that does not show the hours were excessive.").  Accordingly, this portion of Defendants' motion is denied.

### 2.     Reasonable hourly rate

Defendants next argue that the hourly rates for Potter, Sosa, Lockhart and Masanque exceed the prevailing market rate in Sacramento.  To determine the reasonableness of the hourly rates claimed, the district court looks to "the prevailing market rates in the relevant community," Blum v. Stenson, 465 U.S. 886, 895 (1984), "for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of L.A., 796 F.2d 1205, 1210–11 (9th Cir. 1986).  In general, "the relevant community is the forum in which the district court sits."  Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997).  The burden is on the party seeking fees "to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the

1  community for similar services by lawyers of reasonably comparable skill, experience

2  and reputation." Blum, 465 U.S. at 895 n.11.

3       Potter requests an hourly rate of $350.  However, "[j]udges in this district have

4  recently found that $300 an hour is a more appropriate rate for the work performed by

5  [Potter] in cases similar to the instant case."  Johnson v. San, No. 2:15-CV-162-JAM-

6  EFB, 2015 WL 7188245, at *5 (E.D. Cal. Nov. 16, 2015) (collecting cases). The Court

7  also finds that the reasonable hourly rate for Potter is $300.

8       Sosa, Lockhart and Masanque, on the other hand, seek to recover pursuant to a

9  $200 hourly rate.  However, "[c]ourts in the Eastern District of California have regularly

10  approved hourly rates of . . . $150-175 for associates . . . ."  Estrada v. iYogi, Inc.,

11  No. 2:13-cv-01989-WBS-CKD, 2016 WL 310279, at *6 (E.D. Cal. Jan. 26, 2016).

12  Moreover, Sosa, Lockhart and Masanque had been practicing for only four, two and a

13  half, and two years, respectively, when the case settled in December 2015.  The Court

14  therefore "finds that a reasonable hourly rate for [their] services is at the lower end for

15  associates at $150 per hour."  Wayside, 2014 WL 6634324, at *8.

16       Pursuant to the Court's above modifications, the appropriate lodestar award in

17  this case is $6,885, which was calculated as follows:

18          Potter: 12.2 x $300 = $3,660

19          Grace: 5.7 x $250 = $1,425

20          Lockhart: 7.9 x $150 = $1,185

21          Sosa: .7 x $150 = $105

22          Masanque: 3.4 x $150 = $510

23       Since neither Plaintiff nor Defendants seek a multiplier or reduction to the lodestar

24  and "[a] strong presumption exists that the lodestar figure represents a reasonable fee,"

25  Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (internal quotation

26  marks omitted), no further adjustment to the lodestar is warranted.

27  ///

28  ///

### C.    Litigation Expenses

Plaintiff seeks $916 in litigation expenses for investigation costs, the filing fee and service costs.  Defendants challenge, among other things, the $316 in service costs claimed, arguing they should be stricken or reduced to $75.  Defendants assert that the local rates for service of process of a summons and complaint in the Sacramento area range from $60 to $100.  Plaintiff did not respond to this argument, which the Court takes to mean he concedes its merit.  Accordingly, the Court agrees with Defendants and reduces Plaintiff's claimed service costs to $75.  See Fay v. Fay, No. 1-13-CV-01362-AWI-MJS, 2015 WL 7271713, at *4 (E.D. Cal. Nov. 17, 2015) (finding fees normally charged by the Marshall's for service of subpoenas is $70 in the Sacramento area).  Plaintiff's remaining costs, $200 for pre-filing investigation costs and $400 for the filing fee, are reasonable and are therefore awarded in full.

**CONCLUSION**

For the reasons stated above, it is hereby ordered that Plaintiff's Motion for Attorneys' Fees (ECF No. 17) is GRANTED in part.  Defendants are directed to pay to Plaintiff $6,885 in attorneys' fees and $675 in litigation expenses.

IT IS SO ORDERED.

Dated:  March 15, 2016

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

6